UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SIMON GUZMAN CABELLO

Petitioner,

v.

Warden, California City Correction Center, et al.,

Respondents.

Case No.  1:26-cv-03652  (AMO)

**ORDER RE PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR IMMEDIATE RELEASE**

Re: Dkt. Nos. 1, 2

The Court is in receipt of Petitioner's Writ of Habeas Corpus ("Petition") and Motion for Immediate Release ("Motion"). The Court intends to rule directly on the Petition, with the understanding that the Court will also consider any arguments made and exhibits submitted in support of the Motion. *See* Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require."); *Dzhabrailov v. Decker*, No. 20-cv-03118-PMH, 2020 WL 2731966, at *4 (S.D.N.Y. May 26, 2020) (considering preliminary injunction and merits of habeas petition simultaneously). Respondents shall file a response to the Petition within three (3) court days from the date of this Order. Any response must include the Petitioner's full Form I-213, any orders of release or detention, any custody warrants or notices, and any other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition. Failure to timely respond shall be construed as a non-opposition. *See* L.R. 230(c). Petitioner may file a reply within nine (9) calendar days from the date of this Order. Respondents are prohibited from deporting the Petitioner or removing him from the

United States District Court
Northern District of California

United States District Court
Northern District of California

Eastern District of California while the TRO and Petition are pending. This matter is not set for a hearing though the Court may set one should it later be determined that a hearing is necessary. Counsel for Respondents shall promptly enter notices of appearance.

The Court finds that this case would benefit from the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Within 7 (seven) calendar days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information via email to julia_thomas@CAND.uscourts.gov. If counsel is not a member of the Eastern District of California Criminal Justice Act ("CJA") Panel, the Court hereby authorizes them to serve as *Pro Hac Vice* CJA counsel for Petitioner for the duration of the proceedings in this Court pursuant to Local Rule 180(b)(1). If counsel is not admitted to practice before the Eastern District of California court, pursuant to 18 U.S.C. §§ 3005 and 3006A and this District's CJA Plan, General Order 671, § XV.C.1.g as applied here, the Court hereby authorizes said counsel's *Pro Hac Vice* admission to practice before this court for the duration of the proceedings, *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment. The Clerk of the Court SHALL SERVE a copy of this Order on the Federal Defender, Attention: Habeas Appointment. The Clerk shall also serve a copy of the Petition upon the Federal Defender.

**IT IS SO ORDERED.**

Dated: May 13, 2026

_____
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

2