UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SIMON GUZMAN CABELLO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY<br>CORRECTION CENTER, *et al.*,<br><br>Respondents. | Case No.  1:26-cv-03652   (AMO)<br><br>**ORDER DENYING WITHOUT**<br>**PREJUDICE PETITION FOR WRIT OF**<br>**HABEAS CORPUS**<br><br>Re: Dkt. Nos. 1, 2 |

This habeas action concerns the detention of Petitioner Simon Guzman Cabello, a noncitizen who has lived in the United States since January 11, 2023.  Dkt. No. 6-1 at 2.  The matter is before the Court on Petitioner's writ of habeas corpus and "motion for immediate release or, in the alternative, for a bond hearing."  Dkt. No. 2.  For the reasons explained below, the Court DENIES the petition without prejudice and resolves the motion as moot.

## I.   BACKGROUND

Petitioner is a citizen of Venezuela who was admitted to the United States through the Miami Airport on a tourist visa, which expired on July 10, 2023.  Dkt. No. 6-1 at 2.  Upon expiration of his visa, Petitioner submitted an application for asylum, which is still pending with USCIS.  *Id*.

On July 14, 2025, Petitioner was arrested for resisting a police officer, failing to obey a police officer's order to stop, and attempting to flee from a law enforcement officer.  Dkt. No. 6-2 at 1.  He was convicted of resisting an officer without violence on March 26, 2026 and sentenced to 210 days in county jail.  *Id*. at 6.  He received credit for time served and was released from custody that same day.  *Id*.  The Department of Homeland Security ("DHS") arrested Petitioner on an administrative warrant and took him into custody the following day.  Dkt. No. 6-1 at 2.  At the

same time, DHS also issued Petitioner a notice to appear and placed him in removal proceedings. Dkt. No. 6-3 at 7. Neither party has indicated Petitioner is subject to a final order of removal.

Proceeding pro se, Petitioner filed a petition for writ of habeas corpus and a motion for immediate release or a bond hearing, arguing that his continued detention without a bond hearing violates the due process clause of the Fifth Amendment. Dkt. No. 1 at 2–3. On May 13, 2026, the Court ordered a briefing schedule and indicated that it intended to rule on the motion and petition together. Dkt. No. 5. Neither party opposed the Court ruling directly on the petition.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Both Petitioner and Respondents seem to agree that Petitioner is properly detained under 8 U.S.C. § 1226(a), and that under § 1226(a), he is entitled to a bond hearing. Dkt. No. 6 at 1 ("relief should be limited to Petitioner's request for a bond hearing" as "Petitioner was properly detained in accord with 8 U.S.C. § 1226(a)"); Dkt. No. 10 at 7 ("Respondents concede that Mr. Guzman Cabello is detained under § 1226(a) and is eligible for a bond hearing. The dispositive merits question is therefore narrow: what process is due at that hearing."). Respondents, however, argue that Petitioner's request for habeas relief should be denied because he has not exhausted his administrative remedies by requesting a bond hearing. Dkt. No. 6 at 2–3. In response, Petitioner

United States District Court
Eastern District of California

argues that he was not required to exhaust that administrative remedy before pursuing habeas relief because the Immigration Judge does not have the ability to evaluate Petitioner's due process claim, which argues due process requires the burden of proof be on the government at his § 1226(a) bond hearing.  Dkt. No. 10 at 6.

"Exhaustion can be either statutorily or judicially required."  *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004).  While 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."  *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by, Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).  Prudential exhaustion may be required if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citing *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)).  "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"  *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).  If Petitioner is prudentially required to exhaust administrative remedies but fails to do so, a district court may dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted administrative remedies.  *Id*.

As to the first *Puga* factor, Petitioner argues that agency expertise is not necessary to generate a proper record or reach a proper decision.  Dkt. No. 10 at 6.  The Court agrees here as "[i]t is undisputed by the parties before the Court that petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a)."  *Hernandez Burruel v. Murray*, No. 1:25-CV-01569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025).

3

But as to the second *Puga* factor, the Court finds that granting habeas relief to pre-set the burden of proof prior to any § 1226(a) bond hearing "would encourage the deliberate bypass of the administrative scheme" created by § 1226(a) and its implementing regulations. *Puga*, 488 F.3d at 815. The Ninth Circuit has held that § 1226(a) provides facially constitutional procedures, *Rodriguez Diaz*, 53 F.4th at 1213, and Petitioner has not established at this point that those procedures would be constitutionally inadequate as applied to him. As such, granting Petitioner's requested relief would "bypass" the administrative scheme under § 1226(a) and its implementing regulations.

The third *Puga* factor—whether administrative review would be likely to allow the agency to correct its own mistake and to preclude the need for judicial review—also weighs in favor of requiring Petitioner to exhaust his administrative remedy. Petitioner does not dispute that he is being detained under § 1226(a), and it is undisputed that he is entitled to a bond hearing and detention redetermination under § 1226(a). It is possible that Petitioner will be granted bond, even if the burden of proof is placed on him at such hearing. As such, requiring Petitioner to exhaust his administrative remedy under § 1226(a) through the immigration court could "preclude the need for judicial review." *Puga*, 488 F.3d at 815.

The *Puga* factors weigh in favor of requiring Petitioner to exhaust his administrative remedy by requesting a § 1226(a) bond hearing. Such a hearing is a facially constitutional procedure, *Rodriguez Diaz*, 53 F.4th at 1197, 1202, and Petitioner has not established on the present record that this remedy would be futile or inadequate in his case. As Respondents concede that Petitioner is entitled to a § 1226(a) bond hearing, and Petitioner has had, and continues to have, the opportunity to request a hearing in his immigration proceedings, it would be premature to find that this administrative remedy would be futile.

The *Puga* factors thus weigh in favor of requiring Petitioner to exhaust his administrative remedy as Petitioner has not established that waiver of the exhaustion requirement is warranted.

## IV.    CONCLUSION AND ORDER

The petition is denied without prejudice to re-filing an amended petition following Petitioner's administrative exhaustion of his § 1226(a) remedy. The parties shall file a status

United States District Court
Eastern District of California

report within twenty-one (21) days concerning whether Petitioner has sought a § 1226(a) hearing and the outcome of any such hearing.

**IT IS SO ORDERED.**

Dated: June 16, 2026

_____
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

United States District Court
Eastern District of California